IN THE CIRCUIT COURT OF GREENE COUNTY
STATE OF MISSOURI

ELIZABETH MARTINEZ, ELIZABETH
BOLDEN, and JESUS RIOS, JR.,
individually and on behalf of all others similarly
situated,

                    Plaintiffs,

vs.                                        Case No.

TRIPLE S PROPERTIES, INC.,

                      Defendant.

## CLASS ACTION PETITION

COMES NOW, Plaintiffs, for themselves and for all other similarly situated class members, through counsel, and for their cause of action states:

1. Plaintiffs are citizens and residents of Greene County, Missouri.

2. Defendant Triple S Properties Inc. is a Missouri Corporation.

3. The acts and omissions described herein occurred in Greene County, Missouri.

4. Triple S Properties, Inc. ("Triple S") started out in 1990 with just a few rental properties, but then started doing land developments and looking at more ways to expand.

5. In 1998, Triple S started building apartment complexes.

6. Triple S currently has four complexes with plans for future developments. The unlawful actions alleged herein occurred in Greene County, Missouri.

7. On or about 2/19/17, Plaintiffs applied to lease a home in Greene County Missouri and completed a rental application.

8. Defendant obtained consumer reports on Plaintiffs containing information about a Plaintiff's credit characteristics, rental history, credit history and/or criminal history.

9. The consumer reports obtained by Defendant were obtained through EMS, a Consumer Reporting Agency ("CRA").

10. Plaintiffs' credit history was checked by EMS for Defendant on 2/20/17.

11. Defendant represented to EMS that it had a permissible purpose under the Fair Credit Reporting Act in obtaining Plaintiffs' credit reports.

12. EMS is a business that assembles such reports for other businesses.

13. EMS is covered by the Fair Credit Reporting Act.

14. Upon information and belief, Triple S obtains consumer reports from credit reporting agencies for each and every applicant that applies to rent one of its properties that it either owns or manages.

15. The report obtained by Defendant showed Plaintiffs' rental history based on reports from previous landlords.

16. Defendant admitted to Lori Aduddell at the Missouri Commission on Human Rights that it obtained credit reports on all persons that applied to rent the home referenced above.

17. After it obtained credit reports, it took adverse action and required Plaintiffs to obtain a co-signer.

18. After Defendant ran a credit report on the co-signer, it took further adverse rental action and claimed that it used the adverse credit information to deny them housing.

19. The adverse actions taken by Defendant were unfavorable to the interests of Plaintiffs, who were rental applicants, and include, but are not limited to:

    a. Denying the application; and

    b. Requiring a co-signer on the lease.

20. Upon information and belief, Defendant took adverse action under the Fair Credit Reporting Act with respect to other similarly situated applicants during the last 2 years which included, but is not limited to:

    a. Denying the application;

    b. Requiring a co-signer on the lease;

    c. Requiring a deposit that would not be required for another applicant;

    d. Requiring a larger deposit than might be required for another applicant; and

    e. Raising the rent to a higher amount than for another applicant.

21. Plaintiffs have filed a Fair Housing Complaint against Defendant alleging that its decision to deny them housing was based upon their status as disabled persons receiving disability benefits.

22. In response to the FHA complaint filed with the MCHR, Defendant claims it had a legitimate non-discriminatory reason for not renting to them – namely adverse entries on the credit reports they obtained.

23. Defendant admits taking action, in whole or part, based upon information contained in the consumer reports of Plaintiffs.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs incorporate by reference the preceding allegations by reference as if set forth in full.

25. Plaintiffs bring their claims individually and on behalf of the following classes of individuals:

    a. All persons residing in Missouri who, within the five years immediately preceding the filing of this petition, applied to rent property from Defendant and for whom

Defendant ran a credit report and who did not receive any FCRA adverse action notice, and had their rental application denied or were required to obtain a co-signer or to pay an increased deposit.

26. Excluded from the above class definitions are Defendants, any entity in which any Defendants has a controlling interest, any of the officers, directors, or employees of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, or their immediate family and Plaintiffs' counsel.

27. Plaintiffs seek to act as class representative.

## NUMEROSITY

28. The proposed class is so numerous that joinder of all class members is impracticable.

29. On information and belief, Defendant has obtained numerous credit reports on tenants, taken adverse action in whole or part based thereon, and failed to provide adverse action notice as provided by the FCRA.

## COMMON QUESTIONS OF LAW AND FACT

30. Questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. There are questions of law and fact common to the class. These include but are not limited to:

- Whether Defendant obtained a consumer report.
- Whether the Defendant took adverse action in part based upon information in the report.
- Whether the Defendant provided post-adverse action notice to class members.

- Whether the FCRA violation was willful.
- Whether class members are entitled to statutory damages for each violation.
- The existence, nature, and validity of any defenses Defendant may have.

## TYPICALITY

32. Plaintiffs' claims are typical of the proposed class's claims.

33. Defendant typically runs a credit report on rental applicants in a similar fashion using the same CRA.

34. Defendant typically makes leasing decisions based upon negative information in the credit reports.

35. Upon information and belief, Defendant typically fails to provide adverse action notice.

## ADEQUACY OF REPRESENTATION

36. Plaintiffs, as representatives of the class, will fairly and adequately protect the interests of the proposed class and have no interests that conflict with or are antagonistic to the interests of the class members.

37. Plaintiffs have retained attorneys competent and experienced in class action litigation.

38. No conflict exists between Plaintiffs and members of the class.

39. Counsel has been appointed class counsel in multiple national class actions.

40. Counsel has been appointed class counsel in state class actions.

41. Counsel has recovered multi-millions of dollars in benefits for class members in state and national class actions since 1996.

## SUPERIORITY

42. This case is maintainable as a class action because prosecution of actions by or against individual members of the proposed classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

43. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

44. This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the proposed classes, so that equitable relief is appropriate respecting the classes as a whole.

45. Class certification is also appropriate because questions of law and fact common to the proposed classes predominate over any questions affecting only individual members of the proposed classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation.

46. Defendant's conduct described in this petition stems from common and uniform policies and practices.

47. Members of the proposed classes do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution.

48. The Plaintiff is unaware of any similar claims brought against Defendants by any members of the proposed classes on an individual basis.

49. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

Electronically Filed - Greene - May 19, 2017 - 01:40 PM

50. Moreover, management of this action as a class action will not present any likely difficulties.

51. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all proposed class members' claims in a single forum.

52. Plaintiff intends to send notice to all members of the proposed classes to the extent required.

53. The names and address of the proposed class members are available from Defendant's records and from the credit reports Defendant obtained.

## **FAIR CREDIT REPORTING ACT**

54. Defendant obtained a consumer report as to Plaintiffs.

55. Defendant took adverse action after receiving the report.

56. After taking adverse action after obtaining the consumer reports, Defendant willfully failed and refused to provide any of the post-adverse action disclosure requirements set forth under the Fair Credit Reporting Act "FCRA" (15 USC 1681 et seq.).

57. Defendant at no time:

    a. Provided written notice it took adverse action in whole or part based upon information contained in their credit reports;

    b. Informed Plaintiffs of their right to see information being reported about them and to correct inaccurate information;

    c. Informed them of name, address, and phone number of the consumer reporting company that supplied the report;

    d. Provided them a statement that the company that supplied the report did not make the decision to take the unfavorable action and can't give specific reasons for it; and

e.   Provided them notice of their right to dispute the accuracy or completeness of any information the consumer reporting company furnished, and to get a free report from the company if the Plaintiffs ask for it within 60 days.

58. As a direct and proximate result, Plaintiffs have been damaged.

59. Plaintiffs are entitled to statutory damages.

60. Plaintiffs are entitled to actual damages.

61. Plaintiffs are entitled to their attorney's fees and costs under the FCRA at the rate of $450 per hour for all time expended working on this matter.

**WHEREFORE**, Plaintiff prays for (a) an order certifying the class; (b) judgment against the Defendant, (c) damages; (d) for their costs and expenses incurred herein, (e) for their attorney's fees and (f) for such other relief as the Court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845


By  */s/ Craig R. Heidemann*
Craig R. Heidemann
Missouri Bar No. 42778
Attorney for Plaintiffs



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division: JASON R BROWN | Case Number: 1731-CC00670 |
|---|---|
| Plaintiff/Petitioner: ELIZABETH MARTINEZ vs. | Plaintiff's/Petitioner's Attorney/Address CRAIG RICHARD HEIDEMANN P O BOX 117 111 WEST BROADWAY BOLIVAR, MO 65613 |
| Defendant/Respondent: TRIPLE S PROPERTIES INC | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: TRIPLE S PROPERTIES INC
Alias:
3800 S FREMONT
SPRINGFIELD, MO 65807

**COURT SEAL OF GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

___5/22/2017___  ___ME___
Date  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____  _____
Date  Notary Public

**Sheriff's Fees**
Summons  $_____
Non Est  $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $___10.00___
Mileage  $_____ (_____ miles @ $._____ per mile)
**Total**  $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 17-SMCC-1187   1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:17-cv-03195-RK   Document 1-1   Filed 06/29/17   Page 9 of 10



IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI



FILED
MAY 31 2017
CIRCUIT CLERK
GREENE COUNTY

Greene County
Sheriff's Office
MAY 24 2017
RECEIVED
(Civil Office)

| Judge or Division: JASON R BROWN | Case Number: 1731-CC00670 |
|---|---|
| Plaintiff/Petitioner: ELIZABETH MARTINEZ vs. | Plaintiff's/Petitioner's Attorney/Address CRAIG RICHARD HEIDEMANN P O BOX 117 111 WEST BROADWAY BOLIVAR, MO 65613 |
| Defendant/Respondent: TRIPLE S PROPERTIES INC | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Other Miscellaneous Actions | |

## Summons in Civil Case

The State of Missouri to: TRIPLE S PROPERTIES INC
Alias:
3800 S FREMONT
SPRINGFIELD, MO 65807

**COURT SEAL OF GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____5/22/2017_____         _____ME_____
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____Cherese McDonald_____ (name) _____Receptionist_____ (title).
☐ other _____
Served at _3800 S. Fremont, Spfd, MO_ (address)
in _Greene_, (County/City of St. Louis), MO, on _5/30/17_ (date) at _1511_ (time).
_Deputy G. Hamilton, DSN 965     Deputy ___, DSN 965_
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                                    Date     Notary Public

**Sheriff's Fees**
Summons            $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage             $_____ ( _____ miles @ $ _____ per mile)
Total               $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only*: Document Id # 17-SMCC-1187        1 of 1        Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:17-cv-03195-RK   Document 1-1   Filed 06/29/17   Page 10 of 10