# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

**ELIZABETH MARTINEZ, ET AL.**

                       Plaintiffs,

vs.                                              Case No. 6:17-CV-03195-RK

**TRIPLE S PROPERTIES, INC.**

                       Defendant.

## PLAINTIFFS' MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES AND FILE THEIR FIRST AMENDED COMPLAINT OUT OF TIME

Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, Plaintiffs, through counsel, respectfully move the Court for leave to file their First Amended Complaint and for leave to join additional defendants out of time. In support of this motion, Plaintiffs state the following:

1. Plaintiffs filed suit against Defendant, Triple S. Properties, Inc. in the Circuit Court of Greene County, Missouri on May 19, 2017.

2. Defendant subsequently removed the action to this Court on June 30, 2017.

3. Plaintiffs' suit seeks class-wide relief for Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

4. Defendant, Triple S Properties markets itself as a residential and commercial real estate company. Defendant's website represents that it has "around 600 rental doors and three apartment complexes."

5. Based on this information and on their interaction with Triple S, Plaintiffs named Triple S. Properties, Inc. as the only defendant in their petition.

6. During the course of discovery, Plaintiffs recently discovered that Defendant does not own the nearly 600 properties referenced on its website. Rather, Defendant manages those properties on behalf of several other legal entities.

7. Mike Seitz, the sole beneficial owner of Triple S Properties, and Shelly Stanley, the Triple S office manager, both offered testimony at their May 30, 2018 depositions that Triple S manages rental properties owned by the following entities:

    a. Springfield Rentals, LLC

    b. MSHP

    c. CKM Rentals, LLC

    d. Rentals, LLC

    e. Clifton Heights II LLC

    f. Clifton Heights

    g. South valley Apartments, LLC

    h. Southernwood Condominium, LLC

    i. Parkwood Apartments, LLC

    j. McKee Housing, LLC

8. Notably, Mike Seitz has at least a partial ownership interest in each of the entities for which Triple S provides property managements services (including accepting and processing lease applications).

9. Plaintiffs now seek leave to file their first amended complaint to amend their proposed class definition to make clear Triple S Properties' role as property manager rather than property owner for all relevant properties. Plaintiffs also seek leave to file their first

amended complaint to join the property owners identified above as Defendants to this action.

10. Under Rule 15(a), leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). Courts may deny a motion for leave to file an amended pleading upon a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Doe v. Cassel, 403 F.3d 990-91 (8th Cir. 2005) (citing Becker v. Univ. of Neb. At Omaha, 191 F.3d 904 (8th Cir. 1999)). Delay alone is insufficient to deny a motion to amend. Id. at 991. The non-moving party must also show prejudice. Id. (internal citation omitted).

11. In this case, Plaintiffs only recently learned that Triple S managed properties owned by separate legal entities. Within a matter weeks of learning the identities of these entities, Plaintiffs have filed their motion for leave to join the related entities to this action and to amend the complaint to conform to this evidence. As such there has not been any undue delay. Furthermore, Plaintiffs' failure to name the related entities as defendants and to allege facts consistent with Defendant's property-management role is not the result of bad faith, but due to a lack of transparency by Triple S about its business structure and the ownership of properties for which it solicits lease applications. Plaintiffs have not previously sought leave to join additional parties or for leave to file an amended complaint. Additionally, Defendant will not suffer undue prejudice as the proposed First Amended Complaint does not add any new causes of action against Defendant and the proposed new defendants are related to Defendant through their contractual relationships and through shared ownership (by Mike Seitz).

12. Parties may be joined as defendants in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20

13. Plaintiffs seek to join the ten entities listed above because the proposed new defendants are vicariously and jointly and severally liable for the failure to provide Plaintiffs and putative class members adverse action notice under FCRA. Fed. R. Civ. Pro. 20(a)(1)(A); In Campbell v. Experian Information Solutions, Inc, the Court recognized that general principles of tort liability—including joint and several liability—apply to FCRA. Campbell v. Experian Information Solutions, Inc., 2009 WL 3834125, *6 (W.D. Mo. Nov. 13, 2009) (citing Reynolds v. Hartford Fin. Serv. Group, Inc., 435 F.3d 1081 (9th Cir. 2006) (determining that joint and several liability under the FCRA furthers the statute's consumer protection goals)), see also, Jones v. Federated Fin. Reserve Corp., 144 F.3d 961, 964-66 (6th Cir. 1998) (finding that a principal can be vicariously liable for its agent's violation of the FCRA).

14. There are questions of law and fact that are common to Triple S Properties and to the proposed additional defendants. These common questions of law and fact include, but are not limited to the following:

    a. Whether they obtained consumer reports for Plaintiffs and putative class members;

    b. Whether they took adverse action in part based on information in the consumer report;

c. Whether they provided Plaintiffs and putative class members with post-adverse action notice that complied with the FCRA;

d. Whether their violation of the FCRA was willful or negligent; and

e. Whether Plaintiffs and class members are entitled to statutory damages.

15. Allowing Plaintiffs to join additional defendants also promotes judicial economy because Plaintiffs and class members will be compelled to file separate suits against the individuals to obtain the relief they seek if they are not joined as defendants in this action.

16. Plaintiffs' proposed First Amended Complaint is attached to this motion as Exhibit 1.

**WHEREFORE**, Plaintiffs respectfully move this Court for leave to join additional parties and for leave to file their First Amended Complaint and for such other relief as the Court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
craig@dhhlawfirm.com
nathan@dhhlawfirm.com


By */s/ Nathan A. Duncan*_____
    Craig R. Heidemann
    Missouri Bar No. 42778
    Nathan A. Duncan
    Missouri Bar No. 60186
    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

  I hereby certify that on June 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Brett Roubal
  Rachel A. Riso
  Baird, Lightner, Millsap
  1901-C S Ventura
  Springfield MO  65804

      **DOUGLAS, HAUN & HEIDEMANN, P.C.**

      By /s/ Nathan A. Duncan

**DHH  File No. L24659-001**