# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH MARTINEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 6:17-03195-CV-RK |
| TRIPLE S PROPERTIES, | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiffs' Motion for Negative Inference Due to Spoliation of Evidence by Defendant (the "Motion for Negative Inference") (doc. 31) and Plaintiffs' Motion to Supplement Hearing Record and Motion to File Exhibit under Seal (the "Motion to Supplement the Hearing Record") (doc. 70). For the reasons stated below, the Motion for Negative Inference is **DENIED,** and the Motion to Supplement the Hearing Record is **GRANTED IN PART**.

### Background

In their putative class action complaint, Plaintiffs allege Defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). (Doc. 1-1.) The Complaint alleges that Defendant, an owner of residential rental properties, failed to give disclosures under the FCRA that it took adverse action based on credit reports. (*Id.*) Plaintiffs allege in the Motion for Negative Inference that Defendant intentionally burned documents relevant to this claim after litigation commenced, including lease applications and credit reports. They argue these documents are necessary to identify class members and prove class allegations. Defendant does not dispute that it burned relevant documents but contends that a negative inference is not warranted because (1) it destroyed the documents in the normal course of business before the lawsuit began, and there was no bad faith or intentional destruction of evidence; and (2) Plaintiffs have not shown any prejudice from the destruction of evidence.

After the parties fully briefed the Motion for Negative Inference (docs. 31, 32, 34, 35), the Court held an evidentiary hearing. At the hearing, the Court ordered Defendant to search retained application files for the year 2017 to aid in articulating a date for the last destruction of documents. (Doc. 62.) The Court also ordered the parties to submit further briefing on Plaintiffs' prejudice argument, which has been done. (Docs. 62, 66, 69.)

Plaintiffs then filed their Motion to Supplement the Hearing Record, arguing that additional evidence that was not available during the hearing shows Defendant's intent to suppress the truth and the prejudice Plaintiffs suffered from the destruction. (Doc. 70.) The parties have fully briefed the motion. (Docs. 70, 73, 76, 82.) The Court also held a telephone conference, during which the parties presented arguments on the Motion to Supplement the Hearing Record and other discovery matters. (Doc. 74.) As a result of the post-hearing briefing and arguments, it is now apparent that Plaintiffs were able to obtain copies of the burned credit reports from a third-party, Equifax. As a result, Plaintiffs now have a list of potential class members, specifically identified by name, last known address, place of employment, and phone number. Plaintiffs now argue they are prejudiced because the newly discovered evidence identified potential joint-tortfeasors and that Defendant's spoliation prevented early identification of those joint-tortfeasors.

## Discussion

### I. Motion to Supplement the Hearing Record

Plaintiffs ask to supplement the record with the following three categories of documents that were not available to Plaintiffs at the time of the evidentiary hearing: (1) email communications between Equifax and Defendant regarding FCRA compliance requirements; (2) monthly invoices/charges containing the number of credit reports obtained and the names of the subjects; and (3) the actual credit reports obtained during the putative class period. This evidence is relevant to the issues addressed in the Motion for Negative Inference. Therefore, the Court will allow the supplementation and will consider it and Plaintiffs' additional arguments in ruling on the Motion for Negative Inference.

Plaintiffs' Motion to Supplement the Hearing Record also requests to file the credit reports under seal. This is unnecessary. Plaintiffs' only argument about the reports is that they contain the following language: "This report is furnished to you pursuant to the Agreement for Service between the parties and in compliance with the Fair Credit Reporting Act. This report is furnished based upon your certification that you have a permissible purpose to obtain the report." Defendant does not dispute that the reports contain this language. Accordingly, the Court will assume for purposes of this order that they do. Therefore, Plaintiffs' request to file the credit reports under seal is denied.

**II. Motion for Negative Inference**

Plaintiffs request that the Court (1) approve an instruction advising the jury of Defendant's document destruction and the jury's ability to infer certain facts in Plaintiffs' favor based on this destruction; (2) make an evidentiary finding that Plaintiffs' proposed class meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure; and (3) impose a rebuttable presumption that, for each rental application Defendant received from May 19, 2012 to May 19, 2017, Defendant obtained a credit report and failed to provide the applicant with the necessary notice under the FCRA. (Doc. 66 at 3.)

"A court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 745 (8th Cir. 2004) (citation and quotation marks omitted). To give an adverse inference instruction for spoliation that occurs before litigation starts, "(1) there must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016) (citations and quotation marks omitted). When spoliation occurs after litigation starts, the Court has discretion to impose an adverse inference instruction "even absent an explicit bad faith finding." *Stevenson*, 354 F.3d at 750. However, the Court also has discretion to deny sanctions for spoliation of evidence "[w]here a court expressly finds . . . that there is no evidence of intentional destruction of evidence to suppress the truth." *Gallagher v. Magner*, 619 F.3d 823, 845 (8th Cir. 2010) (citation and quotation marks omitted).

"'Intent is rarely proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors.'" *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004)). In evaluating a retention policy, courts consider: "(1) whether the record retention policy is reasonable considering the facts and circumstances surrounding those documents, (2) whether lawsuits or complaints have been filed frequently concerning the type of records at issue, and (3) whether the document retention policy was instituted in bad faith." *Stevenson*, 354 F.3d at 746 (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1112 (8th Cir. 1988)).

The Court finds that there is no evidence of bad faith or intentional destruction of documents to suppress the truth. Defendant's regular business practice was to periodically burn

files to avoid inadvertently disclosing confidential information on lease applications and credit reports. *See* 16 C.F.R. § 682.3(b)(1) (stating that a policy of burning documents containing consumer information is a reasonable method of destruction). Although it is possible Defendant continued this practice for a short time after litigation commenced,[1] the Court finds that the particular facts and circumstances of this case do not suggest Defendant destroyed documents for the purpose of suppressing the truth. This finding is primarily based on the Court's credibility determination of the live witness testimony, but the Court has also taken into consideration the parties' briefs, arguments, exhibits, and supplemented evidence.

As to the prejudice prong, any prejudice Plaintiffs may have suffered from the document destruction has been lessened because they obtained the missing credit reports from Equifax. The reports provide a list of potential class members identified by name, last known address, place of employment, and phone number. Furthermore, Plaintiffs' additional prejudice argument lacks merit. They now assert the document destruction prevented them from identifying and naming as defendants other people and an affiliated entity. However, their pending motion to add parties seeks only to add the additional entity (among others), but no people. (Doc. 70 at 6-7; doc. 68-1 at 1-2.) Contrary to Plaintiffs' assertion that this entity could not have been discovered sooner, Plaintiffs had access to an investigation report from the Missouri Commission on Human Rights ("MCHR") that referenced the additional entity's relationship with Defendant. (Doc. 32-4 at 10.) This document was available to Plaintiffs well before their deadline to add parties. (Doc. 9 at 1.) Accordingly, the Court will not exercise its discretion to impose the harsh sanction of a negative inference.

Plaintiff's motion also contains a request for leave to present evidence of document destruction at trial. This information appears to be relevant to the issues in the case. However, the parties have not briefed or argued this issue, and the Court may more appropriately address it in ruling on a motion in limine or objection at trial. Accordingly, the Court will deny Plaintiff's

---

[1] Defendant argues that, because the last destruction occurred pre-litigation, the Court cannot impose a sanction unless it finds bad faith. However, it is unclear to the Court when the last round of destruction occurred. At the hearing, the Court ordered Defendant to search its files to aid in pinning down a date of last destruction. During the follow-up telephone conference, Defendant could only estimate that it was at least a couple of days after April 20, 2017. This case was filed in May 2017, but counsel's estimate is open-ended. Therefore, it is unclear whether the Court could order a sanction even absent bad faith. *Stevenson*, 354 F.3d at 750. Regardless, the Court will not exercise its discretion to do so here.

request at this time without prejudice to filing a motion in limine or offer of proof seeking admission of this evidence at trial.

Finally, Plaintiffs make an alternative request near the end of their post-hearing brief to recover the costs incurred in conducting third-party discovery of the destroyed evidence. This request was not the subject of the original motion. Furthermore, Plaintiffs have not specified what costs they incurred as a result of the destruction of evidence, either in their brief or during a second post-hearing telephone status conference held on September 25, 2018. Instead, they make a blanket request asking the Court to "compel Defendant to pay the cost of conducting class discovery including all reasonable attorney fees and costs." (Doc. 66 at 14.) This request is denied without prejudice to filing a proper motion specifying the discovery costs that were caused by Defendant's document destruction.

**Conclusion**

Accordingly, the Court **ORDERS** as follows:

1) The Motion to Supplement the Hearing Record (doc. 70) is **GRANTED IN PART**. In particular, the request to supplement the record is **GRANTED**, but the request to file certain exhibits under seal is **DENIED**.
2) The Motion for Negative Inference (doc. 31) is **DENIED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: September 27, 2018