# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH MARTINEZ, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 6:17-03195-CV-RK |
| TRIPLE S PROPERTIES, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO QUASH SUBPOENA

Before the Court is Plaintiffs' Motion to Enforce Scheduling Order and to Quash Subpoena. (Doc. 114.) The motion is fully briefed and ready for decision. (Doc. 115; Doc. 116.) After careful consideration and for the reasons below, the motion is **GRANTED**.

In this putative class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), Plaintiffs allege that Defendant, an owner of residential rental properties, failed to give Plaintiffs proper FCRA disclosures that it took adverse action against them based on credit reports. After discovery closed (Doc. 90), Defendant issued a Subpoena Duces Tecum to one of Plaintiffs' prior landlords, TLC Properties, demanding production of Plaintiffs' tenant files (Doc. 112-1). Plaintiffs seek to quash the subpoena as out of time, citing *Dziadek v. Charter Oak Fire Ins. Co.*, No. 4:11-CV-04134-RAL, 2016 WL 1643825 (D.S.D. Apr. 22, 2016). Defendant argues that the subpoena is proper because the documents go only to impeaching Plaintiffs' testimony about whether they owe anything to their prior landlord, citing *Joseph P. Carroll Ltd. v. Baker*, No. 09 CIV. 3174 SHS, 2012 WL 1232957 (S.D.N.Y. Apr. 12, 2012), and *Malmberg v. United States*, No. 506-CV-1042 FJS/GHL, 2010 WL 1186573 (N.D.N.Y. Mar. 24, 2010). In the alternative, Defendant claims it has good cause under Rule 16(b) of the Federal Rules of Civil Procedure for relief from the scheduling order's discovery deadline because, after discovery closed, Plaintiffs submitted summary judgment affidavits that conflict with their deposition testimony.

Defendant is incorrect that the subpoena is proper just because it claims the documents go only to impeachment. This Court "do[es] not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "The majority of courts agree that Rule 45 subpoenas constitute discovery and are therefore governed by the discovery deadlines set forth in a scheduling order." *Dziadek*, 2016 WL 1643825, at *2. "*Carroll

and *Malmberg* do not stand for the proposition that parties may always issue subpoenas outside the discovery deadline as long they assert that the requested documents will be used for impeachment." *Id.* at *3. "When the party issuing the belated subpoena could have obtained the requested documents during discovery, courts will quash the subpoena as untimely notwithstanding the party's contention that the documents are for impeachment." *Id.* (collecting cases).

Defendants also have not shown good cause for relief from the discovery deadline. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quotation marks and citation omitted). Plaintiffs testified during their depositions that they either believed they did not owe anything to TLC or did not know whether they did. (Doc. 116-1 at 3; Doc. 116-2 at 2-3; Doc. 116-3 at 1-4.) In Plaintiffs' summary judgment affidavits, they testified that their credit reports listed false debts to TLC, which they would have corrected if Defendant had given them the proper FCRA disclosures. (Doc. 116-4 at 2; Doc. 116-5 at 2; Doc. 116-6 at 2.) Defendant claims this is an inconsistency in testimony that did not arise until after discovery closed, so it did not have a reason to seek the tenant files until then. The Court disagrees. Plaintiffs' deposition testimony about whether they owed debts to TLC was equivocal at best, and it certainly should not have led Defendant to believe that Plaintiffs were conceding that they owed debts to TLC. Moreover, Defendant fails to explain how it will use the tenant files for impeachment. Defendant admits that its only purpose in seeking the documents is to "confirm the amount owed to TLC" and "the reason for the outstanding debt." (Doc. 115 at 4.) Whether Plaintiffs were harmed has always been an issue in the case. Because Defendant could have obtained the discovery it now seeks before the discovery deadline, Defendants have not shown good cause.[1]

---

[1] Although the Court believes the subpoena was issued for the purpose of discovery under Rule 45(c)(2), the Court's ruling does not prohibit issuing a trial subpoena to TLC Properties requiring it to appear and produce a narrow scope of documents at trial under Rule 45(c)(1). *See Carroll*, 2012 WL 1232957, at *2-3.

Accordingly, Plaintiff's motion to quash is **GRANTED**. (Doc. 114.) Per the Court's previous extension order (Doc. 118), Defendant's reply in support of its motion for summary judgment is due February 6, 2019.

**IT IS SO ORDERED.**

DATED: February 4, 2019

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT